UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DARREN KOCH, and all others
similarly situated,

Plaintiff,

vs.

Case No.: 6:13-cv-627ORL-28GJK

WYNDHAM WORLDWIDE
OPERATIONS, INC., and
WYNDHAM VACATION
OWNERSHIP, INC.,

Defendants.

## COLLECTIVE ACTION COMPLAINT

1.      Plaintiff brings this collective action on behalf of himself and other similarly situated employees of Defendants for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

## JURISDICTION

2.      This action arises under the FLSA.  The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §201(b).

3.      The venue of this Court over this controversy is proper based on the claims arising in Orange County, Florida.

## PARTIES

4.      At all times material hereto, Plaintiff DARREN KOCH ("Plaintiff"), was an employee of Defendants, WYNDHAM WORLDWIDE OPERATIONS, INC. ("WWO"), and WYNDHAM VACATION OWNERSHIP, INC. ("WVO") (collectively "Defendants") and performed non-exempt duties as a salesman on behalf of the Defendants.

Mansfield Bronstein, PA
3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021
Phone (954) 601-5600 Fax (954) 961-4756

5.      Plaintiff was hired by Defendants in 1998.

6.      Plaintiff took the position of salesman in 2008 and continues to work as a salesman on behalf of Defendants.

7.      Defendants are in the business of selling and soliciting time share in the State of Florida.

8.      Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

9.      Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

10.     At all times material hereto, Defendant WWO, managed, owned and/or operated a business for profit, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant WWO was an employer of Plaintiff and similarly situated employees as such term is defined by the Act.  29 U.S.C. §201 et seq.

11.     At all times material hereto, Defendant WVO, managed, owned and/or operated a business for profit, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant WVO was an

Mansfield Bronstein, PA
3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021
Phone (954) 601-5600 Fax (954) 961-4756

employer of Plaintiff and similarly situated employees as such term is defined by the Act. 29 U.S.C. §201 et seq.

12.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

13.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

14.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

15.     At all times pertinent to this Complaint, Defendant WWO owned an operation which was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s).

16.     Based upon information and belief, the annual gross sales volume of Defendant WWO's business was in excess of $500,000.00 per annum at all times material hereto.

17.     At all times pertinent to this Complaint, Defendant WVO owned an operation which was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s).

18.     Based upon information and belief, the annual gross sales volume of Defendant WVO's business was in excess of $500,000.00 per annum at all times material hereto.

19.     Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

Mansfield Bronstein, PA
3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021
Phone (954) 601-5600 Fax (954) 961-4756

20.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §201–209 in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendants.

21.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt salespersons who have worked in excess of Forty (40) hours during one or more work weeks on or after April 2010, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

22.     Plaintiff has retained the law firm of Mansfield Bronstein, PA to represent him individually and incurred attorneys' fees and costs in bringing this action.

23.     Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## GENERAL ALLEGATIONS

24.     Plaintiff and similarly situated employees are/were employed by Defendants in various sales capacities.

25.     Plaintiff and similarly situated employees are compensated on a commission basis and often receive monthly draws that are deducted from the amount of commissions earned.

26.     Plaintiff and similarly situated employees are required by Defendants to clock-in and clock-out using an electronic timekeeping device.

27.     Despite regularly working in excess of forty (40) hours each week, Defendants manipulate Plaintiff and similarly situated employees' time records to show total weekly hours of less than forty (40).

Mansfield Bronstein, PA
3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021
Phone (954) 601-5600 Fax (954) 961-4756

28.     Defendants' deliberate and manipulative acts of altering its timekeeping system are willful violations of the FLSA.

29.     Defendants have been previously sued for similar FLSA violations yet have failed to modify their unlawful pay practices.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 29 above.

31.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

32.     All similarly situated employees of Defendants are owed their overtime rate for each overtime hour they worked and were not properly paid.

33.     Defendants knowingly and willfully failed to pay Plaintiff and those similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

34.     Plaintiff is not exempt from the overtime provisions of the FLSA.

35.     The failure of Defendants to compensate Plaintiff at his given rate of pay for all hours worked is in violation of the FLSA.

36.     Defendants, therefore, are joint and severally liable to Plaintiff, and others similarly situated in the amount of their unpaid hours and overtime compensation.

37.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*

38. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, DARREN KOCH and those similarly situated, demand judgment against Defendants, WYNDHAM WORLDWIDE OPERATIONS, INC., and WYNDHAM VACATION OWNERSHIP, joint and severally, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

### DEMAND FOR JURY TRIAL

39. Plaintiff demands trial by jury as to all issues so triable.


Dated: April 17, 2013                    Respectfully submitted,

                                         /s/ Jonathan S. Minick
                                         **Jonathan S. Minick, Esq.**
                                         E-mail: Jon@mblawpa.com
                                         FBN: 0088743
                                         **MANSFIELD BRONSTEIN, PA**
                                         3440 Hollywood Boulevard, Suite 450
                                         Hollywood, Florida 33021
                                         Phone: 954.601.5600
                                         Fax: 954.967.2791
                                         *Attorneys for Plaintiff*

Mansfield Bronstein, PA
*3440 Hollywood Boulevard, Suite 450, Hollywood, Florida 33021*
*Phone (954) 601-5600 Fax (954) 961-4756*