# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |  |
|---|---|---|
| DARREN KOCH, and all others similarly situated, | ) ) ) |  |
|  | ) |  |
| **Plaintiff,** | ) ) | CASE NO. 6:13-cv-00627-JA-GJK |
| **vs.** | ) ) |  |
| WYNDHAM WORLDWIDE OPERATIONS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

## DEFENDANT WYNDHAM VACATION OWNERSHIP'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, WYNDHAM VACATION OWNERSHIP, INC. ("WVO" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Plaintiff, DARREN KOCH ("Plaintiff"), answer the following Interrogatories:

## INSTRUCTIONS

1.    In answering these Interrogatories, please furnish all information which is available to Plaintiff, including information in the possession of Plaintiff's current or former attorneys or investigators, and not merely such information known of Plaintiff's own personal knowledge.  If Plaintiff cannot answer the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying Plaintiff's inability to answer the remainder, the reasons for Plaintiff's inability to fully respond,

# Exhibit A

and provide whatever information or knowledge Plaintiff has concerning the unanswered portions.

2. If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or regarding a verbal communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed) and each and every fact or basis on which Plaintiff claims privilege with sufficient specificity to permit the Court to make a determination as to whether the claim or privilege is valid.

3. In accordance with Florida Rules of Civil Procedure 1.340, Plaintiff's written responses to these Interrogatories must be made under oath and returned to Defendant's counsel within thirty (30) days after service of the Interrogatories.

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions shall apply:

1. The terms **"document"** or **"documents"** shall mean the original and all copies and annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; income tax returns, sales vouchers or records, forms, schedules or worksheets; inter- and intra-office memoranda; reports, comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures; circulars; bulletins; advertisements; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, review or telephone conversations; purchase

orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements; licenses; leases; insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; affidavits, deposition transcripts, and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements and notes and memoranda concerning them; financial data; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing

which are different because of marginal or handwritten notations, or because of any markings thereon.

2.    **"Copy"** when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

3.    **"Communication"** and **"communicate"** shall mean any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, letters, notes, and any conversation or discussion, whether face-to-face or by means of any telephone, telecopies, electronic or other on-line media, including text messages, emails, instant messages, and postings and messages on Internet social media such as *Facebook, Twitter, Instagram, and Linkedin.*

4.    **"Relate to"** or **"relating to"** shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

5.    **"Person"** or **"persons"** shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

6.    **"You,"** **"your,"** or **"Plaintiff"** shall mean Plaintiff, DARREN KOCH.

7.    **"Koch"** shall mean Plaintiff DARREN KOCH.

8.   **"WVO"** shall mean Defendant, WYNDHAM VACATION OWNERSHIP, INC.

9.   "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

10.   "Identify" when used in reference to:

a.   an individual, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

b.   a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

c.   a document, shall mean to identify the author of the document, the date the document was prepared, the person(s) to whom the document was issued, distributed or otherwise communicated or provided, and the present location and custodian of the document.

11.   As used in these Interrogatories, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

12.   To the extent that you consider any of the following Interrogatories objectionable, respond to so much of each Interrogatory and part thereof, as is not

objectionable in your view and separately state that part of each Interrogatory as to which you raise objection and each ground for such objection.

**INTERROGATORY NO. 1:**

List the full names, titles, addresses, and telephone numbers of any persons who have provided you with information or assistance in answering these Interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2:**

Identify yourself fully, giving your full name, Social Security Number, age, date and place of birth, residence address, and business address.

**RESPONSE:**

**INTERROGATORY NO. 3:**

List all former names and when you were known by those names, all addresses where you have lived for the past 10 years under any name, and the dates you lived at each address.

**RESPONSE:**

**INTERROGATORY NO. 4**:

Please list your educational background providing the name and address for each school, college, university, or other institution of learning or training which you have attended, listing the dates of attendance, grades or levels completed, and degrees or certificates received.

**RESPONSE:**

**INTERROGATORY NO. 5:**

List all dates and times of doctor's appointments Plaintiff attended and/or medical procedures Plaintiff underwent from April 18, 2010 to present.

**RESPONSE:**

**INTERROGATORY NO. 6:**

List all dates of vacations or trips taken by Plaintiff from April 18, 2010 to present, including the location of each trip or vacation and the duration of each trip of vacation.

**RESPONSE:**

**INTERROGATORY NO. 7:**

List the dates of all absences Plaintiff has had from work from April 18, 2010 to present, including absences under the Family and Medical Leave Act, and the reason for each absence.

**RESPONSE:**

**INTERROGATORY NO. 8:**

List all cell phone numbers and cell phone providers Plaintiff has used from April 18, 2010 to present.

**RESPONSE:**

**INTERROGATORY NO. 9**:

List all banks, financial institutions and credit card companies with which Plaintiff has an account or had an account from April 18, 2010 to present, including but not limited to accounts on which Plaintiff is a primary, secondary or authorized user.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify by account number and/or identification number all SunPass, E-Pass or electronic toll collection device accounts Plaintiff has had from April 18, 2010 to present.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify each person who has contacted you or your attorney or representative, concerning this action or its subject matter, or whom you, your attorney or representative have contacted concerning this action or its subject matter, and for each such person, provide a summary of the substance of any communication between you, your attorney or representative and each such person.

**RESPONSE:**

**INTERROGATORY NO. 12:**

State whether you or any attorney or representative on your behalf have obtained statements, reports, memoranda or recordings from any person, which in any way concern the facts of this case or the matters alleged in your pleadings. If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and the date each statement, report, memorandum or recording was prepared.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Separately identify each and every person who is known or believed by you to have witnessed the events and/or have knowledge of any facts alleged in your Complaint, and for each such person, summarize the nature and substance of his or her knowledge.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Identify all social media accounts you have used since April 18, 2010, including accounts on Facebook, MySpace, LinkedIn, Foursquare, Twitter, Live Journal, Tagged, My Life and Meet Up.

**RESPONSE:**

**INTERROGATORY NO. 15:**

State whether you have ever been a party to or testified under oath in any legal proceeding, including, but not limited to, a bankruptcy petition, trial, deposition or administrative proceeding. If the answer is in the affirmative, separately state in detail the caption, court and docket number; the name, telephone number and address of the parties; the location or venue of the action; the name, telephone number and address of all attorneys representing the parties; and the general subject matter and outcome of any such legal proceeding.

**RESPONSE:**

**INTERROGATORY NO. 16:**

Aside from the instant case, please identify any and all other matters, charges, lawsuits, internal investigations or claims in which you have been involved with, providing the name of the employer, the type of charges made, the date of each claim, the State, County, and case number, and the disposition of each case or action.

**RESPONSE:**

**INTERROGATORY NO. 17:**

State whether you have attempted to secure a position with another employer during your employment with Wyndham Vacation Ownership, and, if so, provide the dates you sought a position, the name and address of the prospective employer, the position sought, and the name of the individual(s) you contacted in seeking the position.

**RESPONSE:**

## VERIFICATION

I have reviewed the above Answers to Interrogatories, and verify that they are true and correct to the best of my knowledge.

_____
DARREN KOCH

STATE OF FLORIDA        )
                            ) SS.
COUNTY OF _____   )

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2013, by DARREN KOCH who is personally known to me or has produced _____ as identification.

_____
Notary Public
State of Florida at Large

4821-2274-0758, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of October, 2013, a true copy of foregoing has forwarded via Electronic and regular US Mail to: Jonathan S. Minick, Esq., Mansfield Bronstein, PA, 3440 Hollywood Blvd, Suite 450, Hollywood, FL 33021.

Stephanie L. Adler-Paindiris