**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| DARREN KOCH, HILDA IKE, INGRID ERICSEN, JOSE HERNANDEZ, MICHAEL ELLIS, and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.  6:13-cv-627-Orl-28GJK |
| vs. | ) ) | |
| WYNDHAM WORLDWIDE OPERATIONS, INC., and WYNDHAM VACATION OWNERSHIP, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**AMENDED[1] JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION *WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs DARREN KOCH, HILDA IKE, INGRID ERICSEN, JOSE HERNANDEZ, and MICHAEL ELLIS (collectively, "Plaintiffs"); and Defendants WYNDHAM WORDWIDE OPERATIONS, INC. and WYNDHAM VACATION OWNERSHIP, INC. (collectively, "Defendants"), through their respective undersigned counsel and pursuant to Local Rule 3.01 and this Court's September 9, 2014 Order [Doc. 132], jointly move this Honorable Court to approve the settlement reached by the parties of

---

[1]  In this Court's September 9, 2014 Order [Doc. 132], this Court required the parties to file a renewed motion to approve the settlement, which addressed the issues identified in the Order, namely whether the attorney's fees portion of the settlement were independently determined, and if not, the basis of the fees using the lodestar analysis. As discussed herein, Plaintiffs' attorney's fees were determined independently of the amounts to be paid to the Plaintiffs.

the FLSA claims in this case and to dismiss the instant action *with prejudice*, and in support thereof state as follows:

1. In the Amended Collective Action Complaint, Plaintiffs alleged that unpaid overtime compensation and minimum wages were due to them pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (the "FLSA") and that unpaid minimum wages were due to them pursuant to Article X, Section 24 of the Florida Constitution. Plaintiff Darren Koch also filed a retaliation claim pursuant to the FLSA, 29 U.S.C. § 215(a)(3).

2. The parties have successfully come to an agreement to resolve their dispute as to Plaintiffs' FLSA claims, and now seek approval of that agreement from the Court and dismissal of the instant action *with prejudice*. A copy of the Settlement Agreement and Release of FLSA Claims between the parties is attached as Exhibit "A."

3. The settlement provides that Defendants will pay Plaintiffs and their attorneys the following payments:

- $25,000.00 in unpaid wages, $25,000.00 in liquidated damages, and $37,500.00 as and for back pay and front pay to Plaintiff Darren Koch, the latter for his individual retaliation claim;

- $4,968.50 in unpaid wages and $4,968.50 in liquidated damages to Plaintiff Hilda Ike;

- $2,786.75 in unpaid wages and $2,786.75 in liquidated damages to Plaintiff Ingrid Ericsen;

- $7,564.50 in unpaid wages and $7,564.50 in liquidated damages to Plaintiff Jose Hernandez;

- $5,489.25 in unpaid wages and $5,489.25 in liquidated damages to Plaintiff Ernest Michael Ellis;

- $86,882.00 in attorney's fees and costs to Plaintiffs' attorneys, Cotzen Law, P.A.

4. Plaintiffs' counsel mediated each of Plaintiffs' positions separately, including negotiating their firm's attorney's fees separately and independently from the amount demanded by each of the Plaintiffs. *See* Affidavit of Michael Cotzen, attached as Exhibit B. Accordingly, the Plaintiffs' firm's attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

5. Cotzen Law, P.A. is required and has agreed to satisfy the Charging Lien filed by Mr. Cotzen's former firm, Mansfield Bronstein, PA.

6. In exchange for all payments made under the terms of the Settlement Agreement and Release of FLSA Claims, Plaintiffs agree to release Defendants from their claims under the FLSA.

7. The amount of attorneys' fees and costs represents a reasonable amount of attorneys' fees and costs. This case has been exhaustively litigated for more than one year, including extensive motion practice, two hearings (one of which was evidentiary in nature), several depositions in advance of the evidentiary hearing, written discovery served on behalf of each Plaintiff, written discovery answered by each Plaintiff, extensive document production on behalf of each Plaintiff and the Defendants consisting of thousands of pages of documents and voluminous time records, unique legal issues that necessitated substantial research, and two mediations, one of which was an all-day mediation. Moreover, Plaintiffs' counsel represented five separate individuals. To date, the parties have fully briefed and attended hearings on Plaintiffs' Motion to Amend/Correct Complaint and Incorporated

Memorandum of Law (Doc. 46), Defendants' Motion to Amend/Correct Answer to Plaintiffs' Complaint (Doc. 47), Defendants' Motion to Compel Plaintiffs' Discovery Responses (Doc. 54, 55) and Defendants' Motion to Strike several of the Plaintiffs' Jury Trial Demands (Doc. 50, 51, 52, 61, 69, 103, 119). The parties have also fully briefed Plaintiffs' Motion for Conditional Certification. (Doc. 48, 102).

8. As described more fully below, the parties agree this is a fair and reasonable settlement of a bona fide dispute as to Plaintiffs' FLSA claims.

9. Therefore, the parties are submitting this Motion and the Settlement Agreement and Release of FLSA Claims to the Court for a determination that there has been a fair and reasonable resolution of a bona fide dispute with respect to Plaintiffs' FLSA claims and for dismissal of the instant action *with prejudice*.

## MEMORANDUM OF LAW

### A. Standard of Review.

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

>    (1)   the existence of fraud or collusion behind the settlement;
>    (2)   the complexity, expense, and likely duration of the litigation;
>    (3)   the stage of the proceedings and the amount of discovery completed;
>    (4)   the probability of plaintiff's success on the merits;
>    (5)   the range of possible recovery; and
>    (6)   the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007)(citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

   B.   **There Is a Bona Fide Dispute as to Plaintiffs' FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

5

In this case, Plaintiffs asserted in their Answers to the Court's Interrogatories that they worked, on average, between 10 and 12.5 hours of unpaid overtime every week during the three-year limitations period. They further assert that they are owed between $15,925.04 and $115,517.30 in unpaid minimum wages and overtime wages over the three-year limitations period.

Defendants assert that Plaintiffs never worked off the clock. Moreover, Defendants engaged in extensive data analysis that included adding between 1 and 20 hours of overtime each week to Plaintiffs' time records. In many weeks, when the purported off the clock hours were added to Plaintiffs' recorded time, the adjusted number of hours worked <u>still</u> did not exceed 40 in a work week. If the hours with the purported off the clock work were less than 40 hours per week, no sum was offered for that week because such time would be considered non-compensable "gap time" under the FLSA. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960); *Rogers v. City of Troy,* 148 F.3d 52, 59 (2d Cir. 1998); *Monahan v. Cnty. Of Chesterfield*, 95 F.3d 1263, 1270-1272 (4th Cir. 1996); *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir. 1969); *United States DOL v. Cole Enters.*, 62 F.3d 775, 780 (6th Cir. 1995); *Hensley v. MacMillan Bloedel Containers*, 786 F.2d 353, 357 (8th Cir. 1986); *Dove v. Coupe*, 245 U.S. App. D.C. 147, 759 F.2d 167, 172 (D.C. Cir. 1985); *Bolick v. Brevard County Sheriff's Dep't*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996). After considering the above issues, the parties agreed to compromise their FLSA claims. Pursuant to the Settlement Agreement and Release of FLSA Claims, Plaintiffs are being paid a fair amount in overtime compensation and minimum wages, in addition to the amounts being paid to their attorneys for fees.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees,* 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, Defendants have raised the defense that Plaintiffs are exempt as commissioned employees of a retail or service establishment pursuant to 29 U.S.C. § 207(i) (the "7(i) exemption"). Plaintiffs will recover nothing if Defendants prevail on their argument that Plaintiffs are subject to the 7(i) exemption. While Plaintiffs do not believe that the 7(i) exemption applies, they recognize that there is a risk that the Court will find differently, thus negating their entire claims. Additionally, the parties agree that there is a bona fide dispute as to whether Plaintiffs ever worked off the clock and, if so, how much time they worked off the clock.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiffs were represented by Michael Cotzen, Esq. of Cotzen Law, P.A., and Defendants were represented by lead counsel Stephanie L. Adler-Paindiris, Esq. of Jackson Lewis, P.C. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

7

The complexity, expense, and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the merits of the claims asserted by Plaintiffs. As noted above, Plaintiffs contend Defendants did not pay minimum wages and overtime compensation to which they were entitled under the FLSA. Defendants maintain that Plaintiffs are subject to the 7(i) exemption, never worked any hours over forty in a work week and, even if they did, the amount worked was far less than what was claimed by Plaintiffs in their Answers to the Court's Interrogatories. If the parties continued to litigate this matter, they would be forced to engage in a costly trial in order to prove their claims and defenses. Even if the Plaintiffs were to prevail, they likely would not receive the payment for years, after the litigation and a possible appeal. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. This case has been litigated since April 2013 and thousands of documents have been produced. In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiffs' probability of success on the merits and the amount they would be awarded is also uncertain, further suggesting that this settlement is fair and appropriate. As noted previously, Plaintiffs assert that Defendants did not pay minimum wages and overtime compensation to which they are entitled under the FLSA. In evaluating the probability of success, Plaintiffs considered the fact that they could lose entirely if Defendants establish that

Plaintiffs are subject to the 7(i) exemption.  There is also a dispute with respect to Plaintiffs' claim that Defendants' time records were inaccurate and/or were manipulated and are therefore unreliable.  Plaintiffs also considered the fact that, on average, their time records reflected that they worked substantially less than forty (40) hours in each given week, thus raising two issues.  First, whether so-called "pure gap time" (hours under forty worked and unpaid) would be recoverable under the FLSA.[2]  Second, whether a reasonable fact finder would conclude that Plaintiffs actually worked both the "off-the-clock" hours that were less then forty and the alleged overtime hours claimed to have been worked "off-the-clock" in the same week.  Plaintiffs also considered their ability to prove knowledge by the Defendants of the alleged work performed "off-the-clock," as is required under the case law governing FLSA claims.  *See, e.g., Fletcher v. Universal Tech. Inst., Inc.,* 2006 WL 2297041 *1 (M.D. Fla. June 15, 2006)("a plaintiff must show that his employer had knowledge … of his overtime worked.").  Plaintiffs further considered the substantial amount of evidence marshalled regarding their actual hours worked and possibly not worked.  The parties also considered the viability of certain defenses raised by the Defendants, such as their unclean hands defenses and "good faith" defense.  Additionally, Plaintiffs considered whether the two-year or three-year statute of limitations should apply to this case.  Finally, the last consideration was Plaintiffs' desire for resolution, finality of this proceeding, and the certainty that this settlement provides.  Throughout the litigation, Defendants have and still maintain that Plaintiffs never worked any overtime and, even if they did, it was far less than

---

[2]   *Compare Lamon v. City of Shawnee,* 972 F.2d 1145, 1155 (10th Cir .1992) (recognizing pure gap time claim); *Schmitt v. Kansas,* 844 F. Supp. 1449, 1458 (D.Kan.1994)(same) *with Hensley v. MacMillan Bloedel Containers, Inc.,* 786 F.2d 353, 357 (8th Cir.1986); *United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 490 (2d Cir.1960).

they claim in their Answers to the Court's Interrogatories. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and resources by the parties, the exact amount of Plaintiffs' recovery is uncertain.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS at *6-7. This case has been exhaustively litigated for more than one year, including extensive motion practice, two hearings (one of which was evidentiary in nature), several depositions in advance of the evidentiary hearing, written discovery served on behalf of each Plaintiff, written discovery answered by each Plaintiff, extensive document production on behalf of each Plaintiff and the Defendants consisting of thousands of pages of documents and voluminous time records, unique legal issues that necessitated substantial research, and two mediations, one of which was an all-day mediation. Moreover, Plaintiffs' counsel represented five separate individuals. The attorney's fees awarded are reasonable given the stage of litigation and the amount of work performed in this case. Notably, the attorney's fees would be substantially greater if the case was not resolved at this juncture and proceeded towards trial. Indeed, the parties desired to engage in an early mediation of the case prior to the deposition phase of the discovery process in an effort to mitigate against the increase of attorney's fees by both parties in this complex FLSA matter. Furthermore, Plaintiffs' counsel mediated each of Plaintiffs' positions separately, including negotiating their firm's attorney's fees separately and independently from the amount demanded by each of the Plaintiffs. *See* Exhibit B; *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fl. 2009) (if, *inter alia*, the parties "represent[ ] that the plaintiff's attorneys' fee was agreed

upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel"). Accordingly, the Court should approve the settlement of Plaintiffs' FLSA claims.

## CONCLUSION

The FLSA settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order dismissing Plaintiffs' FLSA claims, with prejudice.

WHEREFORE, Plaintiff DARREN KOCH, HILDA IKE, INGRID ERICSEN, JOSE HERNANDEZ, and MICHAEL ELLIS; and Defendants WYNDHAM WORDWIDE OPERATIONS, INC. and WYNDHAM VACATION OWNERSHIP, INC. respectfully request that the Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiffs' claims under the Fair Labor Standards Act; (iii) DISMISSING Plaintiffs' FLSA claims with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

DATED this 10th day of September 2014.

Respectfully submitted,

| /s/ Michael Cotzen | /s/AjdaM. Nguyen |
|---|---|
| MICHAEL COTZEN | STEPHANIE L. ADLER-PAINDIRIS |
| Florida Bar No. 166472 | Florida Bar No. 523283 |
| michael@cotzenlaw.com | adlers@jacksonlewis.com |
| | |
| Cotzen Law, P.A. | JUAN C. LOPEZ-CAMPILLO |

20700 West Dixie Highway
Aventura, FL 33180
Telephone : 305-682-1600

Attorneys for Plaintiffs

Florida Bar No. 0139785
juan.lopez@jacksonlewis.com

JESSICA DEBONO ANDERSON
Florida Bar No. 0058503
jessica.anderson@jacksonlewis.com

AJDA M. NGUYEN
Florida Bar No. 22485
nguyena@jacksonlewis.com

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Attorneys for Defendants

4847-6383-9262, v.  1-1735-7597, v.  3